ESTEVES *v.* DEL RIO ET AL.

APELACIÓN poocedente de la Corte de Distrito de Arecibo.

No. 14.—Resuelto en Junio 24, 1904.

INSCRIPCIÓN Ó ANOTACIÓN DE TÍTULOS.—Inscrito ó anotado preventivamente en el Registro de la Propiedad cualquier título traslativo del dominio ó de la posesión de los inmuebles ó de los derechos reales impuestos sobre los mismos, no podrá inscribirse ó anotarse ningún otro título de igual ó anterior fecha, por el cual se trasmita, ó grave, la propiedad del mismo inmueble ó derecho real.

DOMINIO — DERECHOS REALES — POSESIÓN — PRESCRIPCIÓN — BUENA FÉ—JUSTO TÍTULO.—El dominio y demás derechos reales sobre bienes inmuebles se prescriben por la posesión durante seis años entre presentes y ausentes, con buena fé y justo título y la buena fé se presume, á falta de prueba en contrario.

PARTICIÓN Y ADJUDICACIÓN DE BIENES HEREDITARIOS—TÍTULO DE PROPIEDAD.— Mientras no se verifique la partición y adjudicación de los bienes del testador, los herederos no pueden alegar título exclusivo de propiedad sobre los bienes ó condominio que á cada uno pueda corresponder.

POSESIÓN—DUEÑO.—Los actos relativos á la posesión, ejecutados ó consentidos por el que posee una cosa ajena como mero tenedor para disfrutarla ó retenerla en cualquier concepto, no obligan ni perjudican al dueño, á no ser que éste hubiere otorgado á aquél facultades expresas para ejecutarlos ó los ratificare con posterioridad.

ID.—DERECHOS DE TODO POSEEDOR..—Todo poseedor que ilegalmente fuere privado de su posesión, ó pertubado en ella, tiene derecho á que se le restituya ó se le ampare en tal posesión.

### EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de Arecibo, entre partes, de la una Don José Esteves Torres, y de la otra Don Alonso del Rio y Diaz y Don Ramón Montano y Cruz, sobre nulidad de un expediente posesorio, inscripción del mismo en el Registro de la Propiedad y demás actos de aquél derivados; cuyo juicio pende ante Nos á virtud de recurso de casación, hoy de apelación, interpuesto por la parte demandante contra la sentencia que dictó el Tribunal de Distrito de Arecibo, habiendo representado al recurrente Don José Esteves Torres en esta Corte Suprema, el Letrado Don

José de Guzmán Benitez, y al recurrido, Don Alonso del Rio y Diaz, el Letrado Don Antonio Alvarez Nava, sin que haya comparecido el otro recurrido, Don Ramón Montano y Cruz.

*Resultando*: que la expresada sentencia copiada á la letra dice así:

"*Sentencia* número 46.—En Arecibo, á diez y siete de Enero de mil novecientos tres.—Visto en juicio oral y público ante esta Corte de Distrito el juicio declarativo seguido por Don José Esteves Torres, casado, mayor de edad, pirotécnico y vecino de San Juan, representado y defendido por el Letrado Don José de Guzmán Benitez, contra Don Alonso del Rio y Diaz y Don Román Montano y Cruz, mayores de edad y vecinos respectivamente de Morovis y Vega-Baja y representados, el primero por el Letrado Don Simón Largé y Aquilue, y el segundo, ó sea Montano, por el Lcdo. Don Antonio Alvarez Nava, sobre nulidad de un expediente posesorio, su inscripción y actos de aquel derivados.

1. *Resultando*: que el Letrado Don José de Guzmán Benitez, á nombre de Don José Esteves Torres presentó ante este Tribunal, con fecha veinte y cuatro de Marzo del año próximo pasado, demanda en juicio declarativo contra Don Alonso del Rió y Diaz y Don Román Montano y Cruz, alegando como hechos: que Don Antonio Abad Colón, vecino que fué de Morovis, era dueño en pleno dominio desde hacía más de treinta años, de una finca rústica radicada en el barrio de Unibón, del término municipal de Morovis, con una extensión superficial, más ó menos, de cincuenta y tres cuerdas de terreno, equivalentes á veinte hectáreas, ochenta y dos áreas y treinta centiáreas; colindante al Norte, con Don Francisco Miranda; al Este con Doña Juana Meléndez y Don Isidoro Vega, el que adquirió de Don Emilio Hurtado, hoy sustituye á Doña Juana Meléndez Don Rodrigo del Rio; al Sud, Don Alejandro Arce, mediando el Rio "Piñas", hoy es Delfín ó Pedro Rivera el que sustituye á Don Alejandro Arce, por compra que le hizo, así como Don Alejandro Arce había comprado á Don Angel Berrios; al Oeste, el rio de las Carreras, que separa la finca descrita de terrenos que pertenecen hoy á Don Cándido Corrada por compra á Don Antonio Goicouría, á Don Ramón Figueroa por compra á Doña Amalia Rodriguez, y otros terrenos que, como antes, siguen perteneciendo á la Sucesión de Don Juan María Colón: que fallecido Don Antonio Abad Colón, heredaron la descrita finca, sus hijos legítimos Doña Rosalía, Sinesia, Toribio y Rafael Colón y Rodriguez, y

Rosalía y Paula Colón y Santiago, perteneciendo, por consiguiente, en comunidad, por una sexta parte á cada uno, con su derecho dominical integro, inscrito en el Registro de la Propiedad de Arecibo, á título de herencia: que los hermanos Doña Rosalía, Doña Sinesia, Don Toribio y Don Rafael Colón y Rodriguez vendieron sus participaciones á Don Graciano Archilla y Ramos, por escritura otorgada en Vega-Baja, ante el Notario Don José Felix Lajara, el 26 de Agosto de 1894, la cuál fué inscrita en el Registro de la Propiedad de Arecibo, al fólio 23 vuelto del tomo 7º. de Morovis, finca número 340, inscripción 4ª.: que Don Graciano Archilla y Ramos vendió dichas cuatro participaciones á Don Camilo Taboas y Gándara, por escritura de 17 de Diciembre de 1894, otorgada en Manatí ante el Notario Don José Felix Lajara, que fué inscrita en el Registro de la Propiedad de Arecibo, al fólio 24 del tomo 7º. de Morovis, finca número 340, inscripción.5ª.: que Don Camilo Taboas y Gándara vendió las mismas cuatro participaciones á Don José Esteves Torres, por escritura de 28 de Diciembre de 1901, otorgada ante el Notario de San Juan Don Rafael Palacios Rodriguez, que fué inscrita en el mismo Registro de la Propiedad, al fólio 24 del tomo 7º. de Morovis, finca número 340, inscripción 6ª.; que así las cosas llegó á conocimiento del Sr. Esteves por el número 47 del periódico "La Gaceta de Puerto Rico," correspondiente al 26 de Febrero último, la publicación de un edicto expedido por el Juez Municipal de Morovis, en que consta la pretensión de Don Alonso del Rio, interesando la conversión en dominio de la inscripción posesoria que tiene á su favor, al fólio 186 del tomo 3º. de Morovis de una finca bajo el número 138, que resulta ser la misma descrita en el hecho primero de esta demanda, salvo accidentales diferencias en el área superficial y en el nombre de los colindantes, algunos de los que aparece distintos á causa de trasmisiones del derecho de propiedad de los antíguos dueños de los predios continuos, como lo evidencia la descripción que en dichó edicto se hace de la relatada finca, que es la siguiente:—"Estancia, sin nombre, sita en el barrio de "Unibón", jurisdicción de Morovis, de sesenta y una cuerdas, equivalentes á veinte y tres hectáreas, noventa y siete áreas cincuenta y tres centiáreas, terreno de tercera clase, á pastos, montes y malezas, con algunos cafetos; colindante al Saliente, con terrenos de la Sucesión le Doña María Berrios y Ocasio, representado por su hijo Don Emilio Hurtado y Berrios; al Norte, con los de Don Francisco Miranda Rivera; al Poniente con los de Don Antonio Goicouría y Matos, de Doña Amalia Rodriguez Archilla, y de la Sucesión de Don Juan María Colón, representada por la viuda Doña Concepción Rivas y

Rivas y al Sur con los de Doña Juana Meléndez y Diaz y de Angel Berrios y Rodriguez: que como ese edicto acaba de llegar al conocimiento de su cliente, pasados ya los quince días que en él se para oponerse á la pretensión de Don Alonso del Rio, el Sr. Esteves Torres no ha podido estabdlecer la correspondiente demanda de oposición ante el Juzgado Municipal de Morovis, y ha procedido con la mayor urgencia á formalizar la presente demanda, utilizando los datos que ha podido adquirir en el brevisimo espacio de tiempo de que ha podido disponer: que de los datos adquiridos por su cliente resulta que, no obstante hallarse la finca de referencia en plena y no interrumpida posesión de dominio de Don Antonio Abad Colón y de sus hijos que la heredaron, Don Román Montano y Cruz, vecino de Morovis, promovió un expediente posesorio de dicho inmueble, señalándose el área superficial de sesenta y una cuerdas, y las colindancias referidas en el hecho septimo de esta demanda, atribuyéndose el carácter de dueño de la misma por compra á Don Alonso del Rio y Diaz, sin título escrito; cuyo expediente tramitado ante el Juzgado Municipal de Morovis, terminó por auto aprobatorio de primero de Agosto de 1888, y fué inscrito en el Registro de la Propiedad de Arecibo, al fólio 185 del tomo 3º. de Morovis, finca número 138, inscripción 1ª.; después de lo cuál Don Román Montano y Cruz vendió al mismo Don Alonso del Rio y Diaz la finca descrita, por escritura otorgada ante el Notario Don Francisco Náter y Rivera, en Manatí el 16 de Octubre de 1891, que fué inscrita en el Registro al fólio 186 del mismo tomo y finca, inscripción 2ª.; cuya finca aparece justipreciada para esa venta, en mil cuatrocientos pesos moneda en la época del contrato; y que Don José Esteves Torres se encuentra hoy en posesión de la finca de referencia, en virtud de su título de compra-venta, mediante requerimiento que hiciera por ante el Juzgado Municipal de San Francisco á Don Emilio Torres Saez para que desamparase la posesión que maliciosamente le diera de aquélla Don Alonso Rio y Diaz, fingiéndose dueño de la misma y con capacidad para otorgarle la escritura traslativa del pleno dominio, y que ni Don Román Montano, ni Don Alonso del Rio, han poseido jamás la finca de que se trata, bajo el legal concepto de dueños, ni en otro alguno. Como fundamentos de derecho citó los artículos 348, 609, 1,445, 1,537, 1,940, 438, 462, 445, 1,941, 1,950, 1,953, 1,954-1,949 y 4 del Código Civil; y los 390, 394, 391, 392, 393, 17, 29, 77 y 79 de la Ley Hipotecaria; y terminó suplicando en definitiva, que la finca cuya posesión inscribió á su nombre Don Román Montano y Cruz en el Registro de la Propiedad de Arecibo, mediante el expe-

diente posesorio que promovió ante el Juzgado Municipal de Moro-
vis, aprobado por auto de primero de Agosto de 1898, cuya inscripción
se verificó al fólio 185 del tomo 3º. de Morovis, finca número 138,
inscripción 1ª., vendida por Montano á Don Alonso del Rio por escri-
tura de 16 de Octubre de 1891 é inscrita al fólio 186 del mismo tomo
y Registro y bajo el mismo número de finca é inscripción 2ª., se
declarase por este Tribunal ser la misma que perteneciendo en un
principio en pleno y exclusivo dominio á Don Antonio Abad Colón,
de quién la heredaron sus legítimos hijos Rosalía, Sinesia, Toribio
y Rafael Colón y Rodriguez y Rosalía y Paula Colón y Santiago, por
una sexta parte cada uno en comunidad, pasó por sucesivas enage-
naciones á ser propiedad de Don José Esteves Torres: que es nulo
el expediente posesorio de referencia, y por consiguiente, los demás
actos de aquél derivados; y que las inscripciones de posesión y suce-
sivas de dominio por conversión, en su caso, deben ser canceladas
por razón de su nulidad, condenándose en las costas al demandado
que se opusiere á ella: y por otrosíes pidió se anotara la demanda
en el Registro de la Propiedad y adicionó como fundamentos de de-
recho los artículos 33 y 34 de la Ley Hipotecaria.

II. *Resultando*: que juntamente con la demanda acompañó el
actor la escritura de compra-venta de la finca discutida, otorgada en
San Juan el 28 de Diciembre de 1901, ante el Notario Don Rafael
Palacios, por Don Camilo Taboas Gándara á favor de Don José Este-
ves Torres, é inscrito en el Registro de la Propiedad de esta demar-
cación al fólio 24 vuelto del tomo 7º. de Morovis, finca número
340, inscripción 6ª., el dos de Enero de 1902, y el ejemplar de la
Gaceta número 47 de 26 de Febrero, en el que salió inserto el edicto
anunciando la pretensión de Don Alonso del Rio sobre conver-
sión en dominio de la posesión de la referida finca; cuya demanda
se anotó en el Registro de la Propiedad, y después que fué presentado
el acto conciliatorio, se confirió traslado de ella á los demandados
Don Alonso del Rio y Diaz y Don Román Montano y Cruz por el
término de ley.

III. *Resultando*: que el Letrado Don Antonio Alvarez Nava, á
nombre de Don Román Montano y Cruz, contestó la demanda, expo-
niendo: que su representado compró á Don Alonso del Rio la finca á
que alude la demanda por la cantidad de ochocientos cincuenta pesos
moneda provincial: que posteriormente y según convenio con el ven-
vedor, instruyó expediente posesorio de la finca adquirida: que para
la instrucción del indicado expediente consignó como cabida y colin-
dancias de la finca las mismas que se expresaban en el contrato de com-

pra-venta : que al adquirir la finca de Don Alonso del Rio, creyó de buena fé, como hoy sigue creyendo, que el vendedor era legítimo poseedor de ella, no existiendo ningún motivo para creer que en el título existiera ningún vicio que lo invalidara; y que más tarde vendió de nuevo á Don Alonso del Rio la finca que él había adquirido; y después de citar como fundamentos legales los artículos 348, 1,461 y 1,474 del Código Civil, terminó suplicando se declarara sin lugar la demanda, viciosa é impertinente, por lo que á su representado respecta, con imposición de las costas á la parte actora.

IV. *Resultando* : que el otro demandado Don Alonso del Rio y Diaz por medio del Letrado Don Simón Largé y Aquilúe, contestó también la demanda, exponiendo como hechos : que por escritura pública otorgada en Morovis el 15 de Abril de 1861, ante el Alcalde y Juez Cartulario, Don Lucas Vega de Alicea, vendió Don Victoriano Muñiz á Don Antonio Abad Colón, cincuenta y tres cuerdas de terreno situadas en el barrio de "Unibón" de aquel término, lindantes en aquella fecha por el Saliente y Norte, Manuel Colón Olivera; por el Sud, Alejandro Arce; y por el Poniente, Nicolás Santini y Don Joaquín Muñoz, por precio de seiscientos cincuenta pesos, pagaderos en la forma siguiente : cien pesos en quince días en ganado útil á quince reales arroba, y el resto de quinientos cincuenta pesos, mitad en plata y mitad en ganado, á cien pesos cada año, contados desde el otorgamiento de dicha escritura; obligándose el vendedor Muñiz á confirmar la escritura cuando estuviere cabalmente satisfecho el precio. que por escritura pública otorgada en Morovis el 10 de Abril de 1877, ante el Notario Don Francisco Tomás, entre el propio vendedor Don Victoriano Muñiz y Doña Amalia Rodriguez, viuda del comprador Don Abad Colón, después de hacer referencia á la venta de las cincuenta y tres cuerdas celebrada con Abad Colón en 15 de Abril de 1861, hicieron constar : que al fallecer Abad Colón adeudaban doscientos setenta pesos del precio de la venta, y que no siéndole posible á su viuda satisfacerlos, se comprometió á verificarlo Don Juan María Colón siempre que se le trasmitiera el dominio de veinte y dos cuerdas, entregando Don Juan María Colón á Muñiz los doscientos setenta pesos, otorgando Muñiz carta de pago de la totalidad del precio y ratificando la venta á favor de Doña Amalia Rodriguez y de sus legítimos hijos procreados con Don Antonio Abad Colón; obligándose la Doña Amalia á otorgar la escritura de veinte y dos cuerdas á favor de Don Juan María Colón; que por escritura pública otorgada en Morovis en 10 de Mayo de 1878, ante el Notario Don Francisco Tomás, la Doña Amalia Rodriguez trasmitió á favor de Don Juan María Colón la propiedad de

veinte y dos cuerdas, parte de las cincuenta y tres adquiridas de Don
Victoriano Muñiz, en cumplimiento de lo convenido en la escritura
antes citada, de cuyas veinte y dos cuerdas fué puesto en posesión el
adquirente Colón: que por otra escritura pública otorgada en la
misma fecha y ante el propio Notario Sr. Tomás, la Doña Amalia
Rodriguez vendió al precitado Don Juan María Colón diez y ocho
cuerdas más de las cincuenta y tres adquiridas por compra á Don
Victoriano Muñiz, en precio que confesó recibidos, de ciento cin-
cuenta y seis pesos, que según dice la escritura, invirtió en pagar
deudas del matrimonio, destinando las trece cuerdas restantes para
sus menores hijos nombrados Rafael, Pablo, Toribia, Rosalía y Sine-
sia, en pago de su haber hereditario paterno: siendo posesionado Colón
de las referidas diez y ocho cuerdas: que por escritura pública otor-
gada en Morovis el 4 de Julio de 1879, ante el Notario Don Francisco
Tomás, la propia Doña Amalia Rodriguez vendió al mismo Don Juan
María Colón las trece cuerdas restantes de las cincuenta y tres adqui-
ridas de Muñiz, por precio de ciento veinte pesos, que confesó tener
recibidos; añadiendo en la escritura la Doña Amalia: ''y para la
debida claridad en todo tiempo, añade; que del exiguo haber relicto
por finamiento de su esposo Don Antonio Abad Colón, después que
satisficieron la deudas, sobraron trece cuerdas de terreno, y para
tinó privadamente á favor de sus hijos por legítima paterna, y para
que ésto no sea ilusorio, se compromete á dejarselas en las cuarenta
y cuatro cuerdas que además tiene y posee en el barrio de ''Montes
Llanos'', de esta jurisdicción, las cuales son de su exclusiva propie-
dad, y las hubo, en cuanto á nueve cuerdas, por herencia de sus finados
padres, y el resto por diversas compras hechas á su hermano; por
manera, que en la hipótesis que sus indicados hijos reclamasen su
herencia paterna, habían de ejercitar sus acciones y les será entregada
en los terrenos de que ultimamente ha hecho mención, sobre los que
la deja desde luego afianzada, y si en cualquier época el comprador
actual lo exigiere, se obliga la relatante á establecer fianza en debida
forma'', siendo posesionado el Sr. Colón de las trece cuerdas ultima-
mente compradas á Doña Amalia Rodriguez: que como resulta de los
anteriores hechos, Don Juan María Colón vino á ser dueño de las
cincuenta y tres cuerdas de terreno vendidas por la escritura de 15 de
Abril de 1861 por Don Victoriano Muñiz á Don Antonio Abad Colón;
y esas mismas cincuenta y tres cuerdas con ocho más colindantes con
ellas, por la parte Norte, que suman sesenta y una, las vendió Colón
á Don Alonso del Rio por documento privado de fecha 28 de Enero
de 1886 y en precio de seiscientos pesos, de los cuáles confesó el ven-

dedor recibidos cuartrocientos, y los doscientos restantes se obligó el comprador á pagarlos en Enero de 1887, como también el vendedor se obligó á otorgar la escritura de trasmisión de las tierras, habiendo sido puesto en posesión de las mismas el comprador Sr. Rio: que en 7 de Marzo de 1886, Don Juan María Colón y Rosado, hizo constar á presencia de su esposa Doña María Concepción Rivas y testigos, haber recibido de Don Alonso del Rio los doscientos pesos, resto del precio de la venta de las sesenta y una cuerdas de terreno á que se refiere el hecho anterior, y que no se otorgaba escritura pública de dicha venta, por no encontrarse el Notario en la población de Morovis, comprometiéndose el vendedor á verificarlo tan pronto fuera posible: y en caso de no hacerlo por causa de fallecimiento, lo haría su esposa é hijos: que en 1887 vendió Don Alonso del Rio á Don Román Montano las sesenta y una cuerdas que había comprado á Don Juan María Colón y tomó posesión de ellas; y careciendo de título inscribible, acreditó Montano su posesión en expediente tramitado en el Juzgado Municipal de Morovis, que fué aprobado el 1º. de Agosto de 1888, é inscrito al fólio 185 del tomo 3º. de dicho Ayuntamiento en once de Octubre del referido año 1888, finca número 138, inscripción 1ª.; que en 1888 vendió Don Román Montano á Don Rafael Colón, la finca de sesenta y una cuerdas descrita anteriormente, por precio de mil cuatrocientos pesos, de los cuáles abonó el comprador una parte, quedando pendiente de pago setecientos pesos del último plazo, obligándose Montano á otorgar la escritura de trasmisión cuando fuere satisfecha dicha suma, según lo hizo constar Colón en escritura pública de declaratoria que otorgó en doce de Junio de 1895 ánte el Notario de Cayey Don Casimiro Morales: que en Marzo de 1890 vendió Don Rafael Colón Rodriguez á Don Emilio Torres la misma finca de sesenta y una cuerdas en precio de cuatro mil pesos, que se obligó á pagar Torres en esta forma: quinientos pesos que pagó de contado: setecientos pesos como primer plazo en Marzo de 1891: setecientos pesos en el mes de Marzo de los años 1892 al 1895, inclusives: y el último plazo de cuatrocientos pesos en igual fecha de 1896: que Don Emilio Torres tomó posesión de la finca en Marzo de 1890, y careciendo de fondos para satisfacer los plazos estipulados, convino con Don Alonso del Rio, en que éste abonarse en su nombre los referidos plazos, y que Montano le otogara á Don Alonso la escritura traslativa de propiedad de la finca, conviniend al propio tiempo el Sr. del Rio en otorgar á Torres la escritura tan luego como Torres le hubiese pagado la cantidad que abonara del precio de dicha finca: que en Marzo de 1891 pagó Don Alonso del Rio á Don Ra-

fael Colón Rodriguez los setecientos pesos del primer plazo de la venta, otogándole éste el recibo que lo acredita: que en 19 de Julio de 1892 pagó el Sr. del Rio á Colón el total importe de los plazos que restaba Don Emilio Torres del precio de la finca, montante á dos mil ochocientos pesos, otorgándole también el oportuno recibo: que también pagó Don Alonso del Rio á Don Ramón Montano los setecientos pesos que quedó adeudándole Don Rafeal Colón del último plazo del precio de la finca: que por razón del pago hecho por Don Alonso del Rio á Don Román Montano, por razón del pago hecho á Don Rafael Rodriguez, y por razón de lo estipulado por el tenedor de la finca, Don Emilio Torres, convinieron todos en que la escritura de trasmisión de la propiedad de dicho inmueble, se hiciera directamente de Don Román Montano á Don Alonso del Rio, y así se realizó en 16 de Octubre de 1891, ante el Notario de Manatí Don Francisco Y. Náter y Rivera: que Don Emilio Torres, que ha usufructuado durante doce años la finca de sesenta y una cuerdas pagada por Don Alonso del Rio, le adeudaba, en 15 de Octubre de 1900 y aún le adeuda dos mil seiscientos veinte y un dollars ochentaseis centavos, más ciento nueve dollars con catorce centavos procedentes de la negociación de la finca y otros varios conceptos, según lo reconoció en el documento número 12, y para evadir el pago y continuar gozando gratuitamente del producto de dicha finca, ha utilizado toda clase de recursos, hasta llegarse á ponerse de acuerdo con el demandante Don José Esteves Torres y prestarse á desamparar la posesión de la finca que tenía en nombre de Don Alonso del Rio, en virtud de requerimiento practicado en el Juzgado Municipal de San Francisco en la Capital: que las contribuciones del Tesoro y Municipio por la finca objeto del pleito, desde el año 1878 en adelante, han sido repartidas y satisfechas por Don Juan María Colón, Don Alonso del Rio, Don Román Montano, Don Rafael Colón y Don Emilio Torres, cada uno de ellos en la época que fueron poseedores de la finca: y que habiendo transcurrido excesivamente el término que la ley señala para la conversión de las inscripciones de posesión en inscripciones de dominio, Don Alonso del Rio promovió y tramitó expediente en el Juzgado Municipal de Morovis, para convertir la posesión de la finca de sesenta y una cuerdas, en inscripción de dominio; y habiendo acreditado debidamente, con certificación del Registrador de la Propiedad, que la prescripción no había sido interrumpida, natural ni civilmente, previo el cumplimiento de los demás requisitos legales, y por no haber presentado ninguna reclamación, el Sr. Juez Municipal hizo constar el hecho y declaró concluso el expediente, por resolución dictada en

quince de Marzo último, mandándosele expedir testimonio de las dili-
gencias para acudir al Registrador de la Propiedad á solicitar la nota
marginal de conversión.    Como fundamentos de derecho citó los artí-
culos 1,256, 1,218, 1,278, 1,261, 430, 1,275, 1,305, 432, 444, 463, 446,
445, 1,473, 1,930, 931, 1,932, 1,940, 1,950, 1,952, 1,957, 1,960, 1,949
y 1,963 del Código Civil, y los 390, 20-393, 17, 33, 23, 34, 35 y 389 de
la Ley Hipotecaria, y el 435 de su Reglamento, así como la Real Orden
de 28 de Agosto de 1883 y Resoluciones de la Dirección General de
12 de Setiembre de 1883, 4 de Abril y 17 de Diciembre de 1885, 19
de Marzo de 1886 y 18 de Marzo 1877 : y terminó suplicando en defi-
nitiva se dictara sentencia desestimando la demanda, y en su lugar,
declarar válidas y subsistentes las enagenaciones de las sesenta y una
cuerdas de terreno hechas por Don Juan María Colón á Don Alonso
del Rio, por éste á Don Román Montano y por Montano á del Rio,
así como también válido y subsistente el expediente posesorio de la
finca tramitado á favor de Montano, y la escritura de venta de la
misma á del Rio y las inscripciones del expediente y escritura, exten-
didas en el Registro ; amparar á Don Alonso del Rio en la posesión de
la finca cuestionada, mandando le sea restituida : que se cancele la
anotación preventiva que se ha ordenado de la demanda entablada por
Don José Esteves Torres é imponer á éste las costas del juicio, con
reserva á Don Alonso del Rio para demandar las indemnizaciones
y ejercitar las acciones que le competen contra los que han tratado de
despojarlo de la propiedad y posesión del inmueble.

V.    *Resultando* : que el demandado Don Alonso del Rio acompañó
á la contestación, las escrituras, documentos y recibos referentes á
las ventas realizadas de la finca, de que se hace referencia en los hechos
del escrito ; y convocadas las partes á una comparecencia para pro-
poner pruebas, se celebró el acto el 12 e Julio último con la sóla asis-
tencia de los Letrados defensores del acto y demandado Don Alonso
del Rio, quienes presentaron por escrito las pruebas de todo género
de que intentaban valerse, y se señaló día para comenzar las sesiones
del juicio oral.

VI.    *Resultando* : que como pruebas propuestas por la parte actora,
y que fueron declaradas pertinentes por este Tribunal, absolvieron
posiciones en el acto del juicio oral los demandados Don Alonso del
Rio y Don Román Montano : como documental hizo mérito de los docu-
mentos presentados con la demanda, así como de los presentados con
los números 1 y 17 presentados por el demandado Don Alonso del Rio
al contestar la demanda, ó sean la escritura pública de venta otorgada
en Morovis á 15 de Abril de 1862 por Don Victoriano Muñiz á favor

de Don Antonio Abad Colón y la certificación expedida por el Registrador de Arecibo, comprensiva de la inscripción de la finca vendida por dicho título bajo el número 340 fólio 22 del tomo 7 de Morovis, así como de las sucesivas inscripciones, todas de dominio, de la propia finca, y en virtud de cuyas trasmisiones la finca se encuentra hoy inscrita en pleno dominio y en comunidad, á favor de Don José Esteves Torres, y de los menores nietos de Don Antonio Abad Colón, Doña Rosalía y Doña Paula Colón y Santiago, los que adquirieron su participación á título de herencia intestada: utilizando además el mérito favorable del escrito de contestación á la demanda formulada por Don Alonso del Rio, en el cuál se acepta el hecho de identidad de la finca. Si bien manifestando que á esa finca se le agregaron ocho cuerdas por el lindero Norte, y acompañó certificación expedida por el Secretario del Juzgado Municipal de San Francisco sobre requerimiento de desalojo de la finca hecho por Don José Esteves Torres al anterior poseedor Don Emilio Torres en veinte de Marzo último: y se trajo á autos informe del Tesorero de Puerto Rico sobre hallarse dado de alta Don José Esteves Torres como dueño de la finca de que se trata, así como certificación literal del acta de conciliación celebrada entre Don Emilio Torres y Don Rafael Colón ante el Juez Municipal de Vega-Alta el 12 de Junio de 1896.

VII. *Resultando:* que como pruebas propuestas también por el demandado Don Alonso del Rio y declaradas pertinentes, absolvió posiciones en el acto del juicio oral el demandado Don Román Montano: reprodujo los documentos del 1 al 18 presentados con la contestación á la demanda habiendo sido cotejadas las firmas de los documentos privados cuyas personas autorizantes habían fallecido; así como las escrituras públicas números 3, 4 y 5 presentadas por el demandado del Rio, que fueron impugnadas por la representación del actor, como los documentos privados números 6, 7, 11, 12 y 13: se trajo á los autos certificación de la Alcaldía Municipal de Morovis, referente á los individuos que figuran en los repartos, desde el año 1886 á 87, como contribuyentes por la finca discutida; y declararon como testigos en el acto del juicio oral, que tuvo lugar el cinco de los corrientes, con la sola asistencia de los Letrados Don José de Guzmán Benítez y Don Simón Largé, los individuos Don Antonio Rivas, Don Antonio Colón Rivas, Don José Felícisimo Muñiz, Don Angel Eustoquio Berrios y Don Ramón Martínez Torres.

VIII. *Resultando:* Que terminada la práctica de la prueba, hicieron uso de la palabra los Letrados defensores de las partes, quienes informaron acerca del derecho de sus representados; terminado lo

que, se señaló el día de ayer para la votación de esta sentencia, que lo fué en audiencia pública y por unanimidad de los jueces.

IX. *Resultando*: que en la sustanciación de este pleito se han observado las prescripciones legales.

Siendo Ponente el Juez suplente Don Elpidio de los Santos Laguardia.

I. *Considerando*: Que la cuestión que debe ser resuelta en este litigio se reduce á determinar, por el resultado de la pru*eba prac*ticada: 1º. Cuál de las dos partes litigantes debe conceptuarse en posesión del derecho del dominio pleno de las sesenta y una cuerdas que discuten; y 2º. Cuál de los actos anteriores y coetáneos realizados por ambas partes y sus respectivos vendedores, deben estimarse como verdaderos actos de tenencia y posesión de las citadas sesenta y una cuerdas disfrutadas en concepto de dueño, que hubieran podido servir de título para adquirir el dominio.

II. *Considerando*: en cuanto á la legislación anterior á la promulgación en esta Isla del Código Civil modificado y de la Ley Hipotecaria y su Reglamento, el precepto de la Ley VI, Título V, partida V, y su concordante la XIV, Título XII, Libro X de la Novísima Recopiliación, referente á que la compra-venta de bienes raices debe hacerse por escritura pública, por lo que adquiridas las sesenta y una cuerdas por Don Juan María Colón de la Señora Doña Amalia Rodriguez en tres periódos, primero veinte y dos cuerdas que en pago del precio de las cincuenta y tres suplido por Colón recibió el Sr. Muñiz, según escritura pública de 10 de Mayo de 1878; diez y ocho cuerdas en el mismo día y año, y las trece restantes, el 4 de Julio de 1879; resto de las cincuenta y tres á que se refiere la escritura de 15 de Abril de 1861, de Muñoz á Antonio Abad Colón, por las que entregó el precio convenido, agrupándolas con ocho cuerdas más que colindaban con las mismas por el Norte y unían las sesenta y una dichas, fueron vendidas por Don Juan María Colón á Don Alonso del Rio por documento privado de veinte y ocho de Enero de 1886, en precio de seiscientos pesos que pagó del Rio en dos plazos de cuatrocientos y doscientos respectivamente, quedando del Rio desde esa fecha en possessión de las sesenta y una cuerdas de terreno que vendió del Rio á Don Román Montano en 1887; y careciendo éste de título escrito, formó expediente posesorio de las sesenta y una cuerdas de terreno, ante el Juez Municipial de Morovis, que fué aprobado en Agosto de 1888, inscrito en el Registro al fólio 185 del tomo 5º. del Ayuntamiento de Morovis, en once de Octubre de mil ochocientos ochenta y ocho, inscripción 1ª.; es evidente, que Don Alonso del

Rio en la actualidad representa la personalidad jurídica de Don Juan María Colón, respecto al dominio de las sesenta y una cuerdas, sin que obste la posesión actual del Señor Esteves á virtud del requerimiento que hizo al Señor Don Emilio Torres, porque éste venía poseyéndolas á título de dueño por compra á plazos no cumplidos en su totalidad y que del citado terreno había hecho al Sr. del Rio en 1890.

III. *Considerando*: que los actos realizados por los herederos de Don Antonio Abad Colón y su viuda Doña Amalia Rodriguez, como originarios de las inscripciones de dominio posteriores realizados por D. Graciano Archilla, D. Camilo Taboas y D. José Esteves Torres, no pueden conceptuarse como verdadera adquisición de un dominio, que por haber sido trasmitida en forma legal procedente entonces ya no tenía; constando además, que la Señora Doña Amalia Rodriquez en la escritura aclaratoria y confirmatoria de la de 1861 y cuya escritura omitió presentar en el Registro, al solicitar la inscripción de la primera, hizo constar al inscribir los derechos hereditarios de sus hijos, como precedente de la venta al Señor Muñiz, que el resto de trece cuerdas, después de pagado Don Juan María Colón con las veinte y dos restantes del precio por pagar al Sr. Muñiz, y de las diez y ocho vendidas al mismo para pagar deudas ocurridas al fallecimiento de Don Antonio Abad Colón, el resto de trece cuerdas referidas-exiguo haber relicto—lo había destinado privadamente al pago de la legítima paterna, y para qué esto no fuera ilusorio, se comprometía á dejárselas aseguradas en cuarenta y cuatro cuerdas que además decía tiene y posee en el barrio de "Montes-llanos" de Morovis, todo lo que determina una legal y verdadera trasmisión del dominio de las cincuenta y tres cuerdas á Don Juan María Colón, quién, á mayor abundamiento, fué posesionado de ellas, así como los sucesivos compradores del mismo terreno, al que agregó las citadas ocho cuerdas más, que no consta hubieran sido nunca, de Don Antonio Abad Colón.

IV. *Considerando*: que según las Leyes 50 y 51 del Titulo V., Partida V la venta de una cosa hecha á dos en tiempos distintos, y el primer comprador hubiere tomado posesión de ella y pagado su precio, adquiere su dominio; pudiendo el segundo comprador reclamar el precio que hubiere satisfecho y los daños y perjuicios; asi como también si vendida una casa agena y dada posesión al comprador, si el vendedor adquiere después su dominio por donación ó manda que le haga el dueño y la vende á otro, es del primer comprador; por lo que constando de toda la prueba practicada, que Doña Amalia Rodriguez vendió á Don Juan María Colón las cincuenta y tres cuerdas, y con el carácter de viuda y madre legítima de

sus menores hijos se comprometió á asegurar el haber hereditario paterno de los menores hijos Colón Rodriguez, después de cubiertas las deudas pendientes en la forma que consta de autos, es evidente que áun sin necesidad de que constara como consta la prescripción del dominio de las sesenta y una cuerdas, á los efectos de la inscripción del dominio en el Registro de la Propiedad y de las que formaban parte las cincuenta y tres cuerdas repetidas, el aludido dominio lo adquirió y trasmitió Don Juan María Colón al amparo de la legislación vigente entonces, y es el mismo que hoy ostenta Don Alonso del Rio.

V. *Considerando*: en cuanto al derecho constituido moderno, que dictada la Orden Judicial de 4 de Abril de 1898, modificativa del artículo 1957 del Código Civil anterior al actual, en cuanto determina que la prescripción del dominio y demás derechos reales sobre bienes inmuebles tenga efecto por la posesión del mismo durante seis años entre presentes y ausentes con buena fé y justo título, y es evidente que Don Alonso del Rio, ya por sí, ya también por las distintas trasmisiones del inmueble de Don Juan María Colón á del Rio, de éste á Montano y de Montano á el y demás actos de dominio y posesión ejercido por el citado del Rio en el referido inmueble de sesenta y una cuerdas, desde que en 1886 lo adquirió á título de compra, mediante entrega del precio de seiscientos pesos moneda entonces corriente y en dos plazos, es obvio, que aún en la hipótesis de que no hubiera el precedente de los actos realizados durante la legislación antígua y comprendidos dentro de sus disposiciones, que dan al causante Don Alonso del Rio el señorío ó dominio de la cosa por él comprada, es obvio que aún, según las disposiciones de la legislación moderna, comprendidas en el artículo modificado y ya citado del Código Civil y en la Ley Hipotecaría y su Reglamento, en cuanto se refiere á la sustanciacion y terminación de los expedientes de conversión de inscripción de posesión en inscripción de dominio, Don Alonso del Río ha adquirido por prescripción el dominio de las repetidas sesenta y una cuerdas, según el derecho moderno, y por consiguiente, son nulos todos los actos realizados con referencia á dicho inmueble, que contradigan ó hagan imposible el ejercicio de sus derechos dominicales al referido Don Alonso del Rio.

VI. *Considerando*: que las inscripciones no convalidan los actos nulos con arreglo á derecho, por lo que resultando de la prueba practicada, que con arreglo al derecho antíguo y moderno, el dominio de las sesenta y una cuerdas corresponde á Don Alonso del Rio, es evidente que la inscripción de dominio verificada el año 94 por los causantes del Sr. Esteves, ninguno de los cuáles ha estado en dominio y posesión de la cosa, hasta que á principios del año último, el comprador

de dichos terrenos deudor de Don Alonso del Rio, Don Emilio Torres y poseedor por más de doce años del repetido inmueble, consintió en que el Señor Esteves tomara posesión del mismo en la forma y términos que de autos consta.

VII.   *Considerando*: que por el artículo VII de la Orden Judicial citada de 4 de Abril del 99, se concede efecto retroactivo á lo dispuesto en la misma, es evidente que si ya el año 94, fechas de las inscripciones de los causantes del Sr. Esteves, habían transcurrido los seis años de la prescripción, los actos realizados con el fín de llevar á efecto dichas inscripciones son nulos, por cuanto relacionada dicha Orden con el artículo modificado del Código Civil y la Ley Hipotecaria y su Reglamento, ya por ministerio de la ley había adquirido el dominio de las sesenta y una cuerdas el referido Don Alonso del Rio, de las cuáles consta, debidamente inscrito en el Registro, el oportuno expediente de posesión, desde primero de Agosto de 1888, cuya conversión en dominio está acordada por haber terminado el referido expediente de conversión sin oposición de parte alguna dentro del término legal, por lo que, pendiente como está de extenderse el oportuno asiento en el Registro de conversión de inscripción de posesión en inscripción de dominio no empece á los efectos del expediente de conversión terminado sin oposición, que por efecto de este juicio esté pendiente de cumplir la resolución del Juzgado Municipal, toda vez que los efectos de dicho dominio deben retrotraerse á la fecha de la inscripción de posesión.

VIII.   *Considerando*: que según el artículo 33 de la ley Hipotecaria, la inscripción no convalida los actos ó contratos que sean nulos con arreglo á las leyes, por lo que, adquirido el dominio de una cosa en la forma y términos que de autos consta lo fué el inmueble discutido en este pleito, por Don Juan María Colón, según la legislación antígua y por los que le siguieron en la posesión y dominio de ese inmueble, por compra del mismo y entrega del precio, determinan la nulidad de cualquier otro acto ó contrato posterior ó coetáneo; por los que directa ó indirectamente se transfiera ó grave el repetido derecho de dominio.

IX.   *Considerando*: que según el artículo 35 de la citada Ley Hipotecaria, en relación con la Orden judicial modificativa sobre prescripción el término para la prescripción principia á correr desde la fecha de la inscripción de posesión.

X.   *Considerando*: que las costas deben imponerse cuando se desestimen totalmente las pretensiones de las partes, procediendo la declaración de sin especial condenación si se tratase de alguna modificación.

Vistas las leyes VI, Titulo V, Partida V., y su concordante XVI., Título XII, Libro X de la Novísima Recopilación, 50 y 51, Título V de

la Partida V., el artículo 1957 del Codigo Civil anterior al actual, y orden judicial modificativa del referido artículo y del 393 de la Ley Hipotecaria; así como los 33 y 35 de la citada Ley Hipotecaria.

*Fallamos*: que debemos declarar y declaramos sin lugar la demanda interpuesta por Don José Esteves Torres contra Don Alonso del Rio y Don Román Montano y Cruz; válidas y subsistentes las enagenaciones de las sesenta y una cuerdas hechas por Don Juan María Colón á Don Alonso del Rio, por éste á Román Montano y por Montano á del Rio, así como también el expediente posesorio, sin especial condenación de costas; reservándose á Don José Esteves Torres el derecho de reclamar daños y perjuicios contra Doña Amalia Rodriguez, ó su Sucesión. Póngase á Don Alonso del Rio en posesión de la finca; cancélese la anotación preventiva de esta demanda á favor de Don José Esteves Torres; y no há lugar á la indemnización de daños y perjuicios que se solicita por el demandado. Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.''

*Resultando*: que contra esa sentencia interpuso la representación de Don José Esteves Torres recurso de casación por infracción de ley que le fué admitido, y elevados los autos á esta Corte Suprema prévia citación y emplazamiento de las partes, se tramitó dicho recurso como de apelación en consonancia con la ley de 12 de Marzo del año próximo pasado que transformó este Tribunal Supremo en Corte de Apelación, señalándose día para la vista que tuvo lugar con asistencia de los Letrados representantes de Don José Esteves Torres y Don Alonso del Rio y Díaz.

Abogado del apelante: *Sr. Guzmán Benítez (José)*.

Abogao del apelado: *Sr. Alvarez Nava*.

La otra parte apelada no compareció·

El Juez Asociado Sr. Hernández, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando,* en lo sustancial, los fundamentos de hecho de la sentencia recurrida.

*Considerando*: que el expediente posesorio instruido á instancia de Don Román Montano Cruz para justificar la posesión de las sesenta y una cuerdas de terreno que por título de compra-venta adquirió de Don Alonso del Rio, y que después

vendió á éste mediante escritura pública otorgada en diez y seis de Octubre de 1891, fué aprobado por el Juzgado Municipal de Morovis en 1º de Agosto de 1888 é inscrito en el Registro de la Propiedad de Arecibo con fecha once de Octubre del mismo año, sin que hubiera en dicho Registro inscripción anterior relativa á la mencionada finca ó á parte de ella, pués la escritura de quince de Abril de 1862, por la que Don Victoriano Muñis vendió á Don Antonio Abad Colón las 53 cuerdas de terreno sobre que hoy reclama derecho de dominio el demandante Don José Esteves Torres, fué inscrita en el propio Registro con fecha diez y seis de Abril de 1894.

*Considerando*: que según el artículo 17 de la Ley Hipotecaria, inscrito ó anotado preventivamente en el Registro cualquier título traslativo del dominio ó de la posesión de los inmuebles ó de los derechos reales impuestos sobre los mismos, no podrá inscribirse ó anotarse ningún otro de igual ó anterior fecha por el cuál se transmita ó grave la propiedad del mismo inmueble ó derecho real, y por tanto, habiéndose hecho en el Registro de la Propiedad de Arecibo las inscripciones de dominio de la finca de cincuenta y tres cuerdas, primero á favor de Don Antonio Abad Colón, en 16 de Abril de 1894, después á favor de su sucesión y posteriormente, en orden sucesivo á favor de Don Graciano Archilla, Don Camilo Taboas y Don Jose Esteves Torres, como partícipes de dicho dominio en parte alícuota de dicha finca, cuando ya anteriormente estaba inscrito á favor de Don Román Montano originariamente, y luego á favor de Don Alonso del Rio, por título de compra, desde el 11 de Octubre de 1888 y 26 de Noviembre de 1891 sucesivamente, la posesión de las sesenta y una cuerdas de terreno de que formaban parte las 53 ya relacionadas, es indudable que aquéllas inscripciones, como hechas en contra de la ley, no pueden surtir efectos legales contra Montano y Alonso sin que sean oidos y vencidos antes en el correspondiente juicio.

*Considerando* que el dominio y demás derechos reales sobre bienes inmuebles se prescriben por la posesión durante seis

años entre presentes y ausentes, con buena fé y justo título, según la Orden Judicial de 4 de Abril de 1899, aplicable al caso de autos, requisitos todos que concurren en Don Alonso del Rio, pués, prescindiendo de adquisiciones anteriores, hubo de Don Román Montano por título de compra-venta, mediante escritura pública otorgada en 16 de Octubre de 1891, las 61 cuerdas de terreno cuya posesión tenía inscrita ya Montano en el Registro desde 11 de Octubre de 1888; la posesión, tanto de Montano como de Alonso, ha sido con buena fé, la que siempre se presume mientras no se pruebe lo contrario; y por último, desde la inscripción de la posesión en el Registro á favor de Montano, cuya posesión tiene que favorecer á su causahabiente Don Álonso del Rio, hasta que Don Emilio Torres entregó las sesenta y una cuerdas á Don José Esteves Torres, ha transcurrido un plaso de tiempo muy superior al de seis años que la Órden Judicial citada exige para la prescripción, sin que pueda alegarse contra Don Alonso del Rio la posesión que por largo tiempo tuvo Don Emilio Torres, pués esa posesión perjudica á Don José Esteves Torres, el cuál, ni sus causantes, hicieron gestión alguna para interrumpirla, y favorecer á Don Alonso del Rio á cuyo favor otorgó Montano escritura de venta en 16 de Octubre de 1891, por haber convenido en ello el propio Don Emilio Torres, según las pruebas aportadas al juicio.

*Considerando,* á mayor abundamiento, que Don José Esteves Torres no ha justificado corresponderle la propiedad del total de las 61 cuerdas de terreno de que tiene título posesorio Don Alonso del Rio, pués la documentación cuyos méritos alega en apoyo de su demanda, se refiere al condominio indiviso que adquiriera por sucesivas transmisiones de algunos de los herederos de Don Antonio Abad Colón en la finca de cincuenta y tres cuerdas que fué de Don Victoriano Muñiz; y no habiéndose llevado á efecto la participación y adjudicación de los bienes de dicho Colón, falta á esos herederos y por tanto á Don José Esteves Torres, su causahabiente, título de propiedad sobre

todas y cada una de las 61 cuerdas de terreno, según el precepto del artículo 1,068 del Código Civil.

*Considerando* que los actos relativos á la posesión, ejecutados ó consentidos por el que posee una cosa agena como mero tenedor para disfrutarla, ó retenerla, en cualquier concepto, no obligan ni perjudican al dueño, á no ser que éste hubiese otorgado á aquél facultades expresas para ejecutarlos ó los ratificara con posterioridad; por lo que, al amparo de ese precepto legal consignado en el artículo 463 del Código Civil, siendo como era poseedor en concepto de dueño Don Alonso del Rio, de la finca de sesenta y una cuerdas, con título inscrito en el Registro de la Propiedad, los actos realizados por Don Emilio Torres, que era un mero tenedor de la misma, admitiendo el requerimiento de desalojo hecho á nombre de Don José Esteves Torres y prestándose á dicho desalojo, no pueden obligar á Don Alonso del Rio, quien debe ser restituido en la posesión con arreglo al artículo 446 del Código citado.

*Considerando*: como consecuencia de todo lo expuesto, uue no cabe declarar la nulidad de expedientes, contratos é inscripciones á que se refiere la súplica de la demanda.

*Vistos* los textos legales que se dejan citados y demás de aplicación del Código Civil y de la Ley Hipotecaria.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, dictada por el Tribunal de Distrito de Arecibo en diez y siete de Enero del año próximo pasado, con las costas del recurso á cargo del apelante Don José Esteves Torres; y devuelvánse los autos al mencionado Tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente, Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.